**In re Brian S. FISH and Debra L. Choda, EIN/SSN 365–70–4168 & 480–06–2735, Debtors.**

**Bankruptcy No. 96–26214 SBB.**

United States Bankruptcy Court, D. Colorado.

June 23, 1997.

Leo Weiss, U.S. Trustee's Office, Denver, CO, for U.S. Trustee.

William D. Nelsch, Denver, CO, for debtors.

## ORDER IMPOSING SANCTIONS AGAINST STEVEN JAMES SLOTT A/K/A JAMES LOCKE, JAMES LOCH, GERALD FLOTT *ET AL.* AND D/B/A LEGALTYPE PURSUANT TO THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER TO SHOW CAUSE AND ORDER THEREON

SIDNEY B. BROOKS, Bankruptcy Judge.

The United States Trustee filed a motion for an order to show cause on April 8, 1997. That motion alleged that a James Locke had charged the debtors in this case $190 to prepare their bankruptcy petition and related documents and that Mr. Locke was therefore a "bankruptcy petition preparer" within the ambit of 11 U.S.C. § 110(a)(1). Mr. Locke operated under the trade name of "Legaltype." The Court granted that motion on April 11, 1997 and set a May 6, 1997 hearing thereon. Both the motion and order were mailed to Mr. Locke at 8601 W. Cross Drive, F–5 174, an address supplied to the Debtors by Mr. Locke.

### Service Issues

Based upon information supplied to the United States Trustee's Office in connection with the Chapter 7 case of *In re Charlene M. Rodriguez,* 97–11178 PAC, the United States Trustee concluded that Mr. Locke had utilized the name of James Loch in that case and that this individual's actual identity was one Steven James Slott. Ms. Rodriguez's through her counsel, Sonja Ann Becker, Esq., also informed the United States Trustee's Office that Mr. Slott has apparently used the aliases of Gerald James Flott, and James Flott and the trade name "Certified Documents." Mr. Slott's address was indicated to be 4392 South Acoma Street; Englewood, Colorado 80110. Said information is also alleged in motions filed by Ms. Becker in the *Rodriguez* case before Judge Clark and the Chapter 7 case of *In re William Arthur*

*Woody,* Case No. 96–19264 MSK pending before Judge Krieger.

On May 2, 1997, United States Trustee's Office mailed additional copies of her motion and this court's order to Mr. Locke at the South Acoma Street address.

On May 6, 1997, the Court convened a hearing on said motion at which it was represented that mail addressed to both the Cross Drive and South Acoma Street addresses had been returned as undeliverable. The Court therefore set over the hearing to June 10, 1997. However, the Court elected to take testimony from Ms. Charlene Rodriguez, who appeared at the suggestion of her counsel, to preserve her testimony and thereby avoid the necessity of her reappearing for the continued June 10, 1997 hearing date.

The Court also heard various offers of proof and representations of counsel on May 6, 1997. Said testimony and representations provide the Court with sufficient evidence from which it can conclude that Mr. Locke is in actuality, Steven James Slott. Said evidence and representations include:

1. Ms. Rodriguez met an individual known to her as Mr. Loch at 4392 So. Acoma Street; Englewood, Colorado who identified himself as Steve Slott to a companion of Ms. Rodriguez, Laura Mayfield.

2. The motor vehicle observed by Ms. Rodriguez is registered by the State of Colorado in the name of Steve and Patricia Slott.

3. Mr. Slott had employed the South Acoma Street address as a business address for a similar document preparation business known as "Simple Solutions." As the proprietor of Simple Solutions, he was the subject of an opinion by Judge Brumbaugh under 11 U.S.C. § 110 in the case of *In re Michael Blaine Huffman,* Case No. 95–10403 RJB.

4. Legaltype was utilized as a trade name for Mr. "Locke" in the case at bar.

5. The South Acoma Street address was used by the residential address of Gerald and Ann C. Slott in their Chapter 7 case, Case No. 94–20568 RJB.

6. Ann Slott and Steven Slott were represented to be record owners of the South Acoma Street property.

7. Ms. Rodriguez caused the filing of a criminal complaint with the Aurora, Colorado Police Department, an officer of which interviewed Mr. Slott, and Slott acknowledged having received funds from Ms. Rodriguez.

Based upon this evidence and representations, the Court is satisfied that Steven James Slott is the individual known to the debtors in this case as James Locke.

The United States Trustee's office attempted to effectuate service of process by mail by sending copies of the notices of hearing, order to show cause and motion to Mr. Slott at various addresses identified by that Office based upon a "person locator" software program and the assistance of the Englewood, Colorado Police Department.

Mail was returned from the following addresses with the noted comments:

1. 1608 Uinta Street, Denver, CO 80220 (Unknown and Vacant);

2. 143 W. Burns Cir.; Littleton, Colorado 80120 (No such address)

3. 4392 So. Acoma St.; Englewood CO 80110 (Return to Sender Slott, Steven James Moved Left No Address unable to Forward Return to Sender)

4. 35 HC POB 5770; Evansville, WY 82636 (Moved Left no Forwarding Address)

However, mail addressed to the following addresses was not returned and therefore the Court is entitled to presume that the United States Trustee effectuated service by mail on Mr. Slott by mailing the aforementioned documents to:

1. Steve Slott; 604 Cliff Avenue; Valley Springs, South Dakota 57068

2. S. Slott; 143 W. Powers Cir., # 203; Littleton, CO 80120

### June 10, 1997 Hearing, Findings of Fact and Law

On June 10, 1997 at 1:30 P.M., the Court convened a continued hearing on the Order to Show Cause under 11 U.S.C. § 110 which

it had issued in April. Mr. Slott a/k/a Mr. Locke, Mr. Loch d/b/a Legaltype did not appear. The Court heard the representations of counsel for the United States Trustee and for the Debtors. In addition to its determination that proper service had been effectuated on Mr. Slott, the Court found that the evidence and representations of counsel before it established cause for the entry of a default and default judgment, including injunctive relief, for violations of 11 U.S.C. § 110 and also for the certification of this matter to the United States District Court for the District of Colorado for the entry of additional damages in favor of the Debtors under § 110(i).

More specifically the Court found that Mr. Slott acted as a bankruptcy petition preparer, as defined by § 110(a)(1), insofar as he accepted $190 for the preparation of the Debtors' bankruptcy petition and associated documents which were filed with this United States Bankruptcy Court and, as a preparer, violated all of the provisions of § 110(b–i). The facts establishing such violations include:

1. The name and address of Mr. Slott, a/k/a Mr. Locke and d/b/a Legaltype, hereinafter "Slott," were not printed on the documents filed with this court. These documents were also not signed. These facts establish a violation of § 110(b)(1).

2. Slott did not affix his Social Security Number on these documents as the mandatory identification number required by § 110(c)(1 & 2).

3. Mr. William Nelsch's representations to the Court, as Debtors' counsel, were that the Debtors were not supplied with completed copies of all documents filed with this court prior to their affixing their signatures thereon. This is further established by the fact that the dates of the Debtors' signatures do not correspond to a date in close proximity to the filing date of this case. Ms. Rodriguez's testimony further corroborates a pattern of having debtors sign documents "in blank" as this also occurred in her case. A violation of § 110(d)(1) is established by Slott's failure to provide completed documents to the Debtors prior to their signing of the documents ultimately filed with this court.

4. The Court file reflects that the Debtors filed a petition asking to pay their filing fee in installments. Mr. Nelsch's offer of proof establishes that the Debtors had tendered the full amount of the filing fee to Mr. Slott making it unnecessary to file such a petition and establishing an inference that Mr. Slott converted some of the filing fee for his own use and executed said petition on behalf of the Debtors. This pattern is also corroborated by Ms. Rodriguez's testimony establishing a similar pattern in her own case. This establishes a violation of § 110(e)(1) and creates an inference of fraudulent conduct by Mr. Slott which may be addressed in other fora under applicable law.

5. Slott utilized the trade name of "Legaltype" in this case according to offers of proof by Mr. Nelsch and the Untied States Trustee's Office. Section 110(f)(1) proscribes the use of the word "legal" or any similar term in advertisements. The trade name Legaltype violates this prohibition.

6. Section 110(g)(1) prohibits the collection or receipt of payments from debtors of court fees in connection with the filing of a bankruptcy petition. As noted *infra.*, Slott did collect filing fees for the bankruptcy case at bar from the Debtors. Ms. Rodriguez corroborated this pattern of practice by her testimony that Slott also collected the filing fee from her in her own case. The prohibition of § 110(g)(1)has been violated in this case by that conduct.

### Conclusions of Law and Orders; 11 U.S.C. § 110(b–g), Imposition of Sanctions

■ The various provisions of 11 U.S.C. § 110(b–g) permit the Court to impose fines of not more than $500 for each violation of these subsections. The Court finds that Slott engaged in egregious violations of these subsections and therefore imposes fines of $3,000 for the above referenced violations. The Court finds aggravating circumstances to justify the imposition of fines in the "high" range allowed under § 110 including the pattern of conduct established in this case and the *Rodriguez* and *Woody* cases even after sanctions were imposed for similar conduct in the *Huffman* case. This pattern included

efforts to evade being located, the use of an alias, frequent moving, the demanding of cash payments, the apparent conversion of a portion of the filing fees and the lack of an appearance to answer the allegations of the United States Trustee in either this case or the *Huffman* case.

The Court further notes that Slott violated 11 U.S.C. § 110(h) by his failure to file a statement of his compensation in this case within ten days of the date of filing as required by that subsection. Under § 110(h)(1) the Court orders such a statement to be filed within 30 days of the date of this order barring which all compensation received will be disallowed and Slott will be ordered to disgorge all such compensation to Ms. Sally Zeman, the Chapter 13 trustee in this case. Moreover, the Court will impose additional fines of $500 under § 110(h)(4) for Slot's failure to comply with these orders to file a statement of compensation and/or to disgorge that compensation if he fails to comply with this portion of this order.

### Findings of Fact and Law Justifying Referral of this Matter to the District Court; 11 U.S.C. 110(j)

The Court is confronted in this case with a flagrant pattern of fraudulent, unfair and deceptive acts by Slott. Slot's acts have also been either grossly negligent and/or in intentional disregard for the provisions of the Federal Rules of Bankruptcy Procedure and Title 11 of the United States Code. Section 110(i) mandates that this court certify the facts supporting these conclusions to the district court for further proceedings in conformance with that subsection. After such certification the Chapter 13 trustee, the Debtors or a creditor of this estate may file a motion before the district court seeking damages under § 110(i) in favor of the Debtors and, if the trustee or a creditor is the movant, in favor of the movant.

Mr. Nelsch appeared on the Debtors' behalf at the hearings on the United States Trustee's motion. The Court holds that Mr. Nelsch's activities in this matter should be construed as a motion under § 110(i).

The conclusions of fact supporting this court's conclusion that Slotts actions were either grossly negligent and/or done in intentional disregard of the procedures of the applicable rules and the Bankruptcy Code include:

1. Judge Brumbaugh's ruling in the *Huffman* case as well as the pleadings therein advised Slott of the requirements of 11 U.S.C. § 110 almost two years prior to the case at bar. The Court must therefore conclude that Slott knew of the requirements of § 110 and yet complied with none of them in this case.

2. The representations of counsel were that the Debtors would testify that the primary reason why they sought the protection of bankruptcy was to save their home. The offer of proof was also that Slott offered to find a "private investor" to help the Debtors with their foreclosure problem. Despite such representations by the Debtors, the Debtors' statement of financial affairs and schedules, as prepared by Slott, are devoid of any reference to the mortgage lender, Countrywide, and its claim.

3. The Debtors employed William Nelsch, Esq., at considerable expense, as their successor counsel, to "fix" their bankruptcy and save their home thereby. Mr. Nelsch has filed very extensive amendments in this case and converted it to a Chapter 13 case. This action by Mr. Nelsch illustrates the poor quality of Slott's work and his lack of compliance with the Rules and Code.

4. The errors and omissions in the documents prepared by Slott were noted by Mr. David Lewis, Esq., as the Chapter 7 trustee in the Debtors' case, in the course of the Debtors' meeting of creditors under § 341. Thus, these errors and omissions were blatant to a qualified bankruptcy practitioner.

5. No notice of automatic stay was obtained by Slott for transmittal nor were other steps taken by him to ensure that the foreclosure proceedings by Countrywide were abated due to the bankruptcy causing the Debtors to suffer additional expense in their Chapter 13 case to effectuate a cure of the deed of trust on their residence.

It is black letter law in this jurisdiction and others that a nonattorney taking on the role of an attorney will be held to the standards of care of an attorney under like circumstances. This court must find that Slott's actions did not meet this standard of care. Cause under § 110(i) for the award of damages exists whether such acts were intentional or merely negligent.

Damages are appropriate even were Slott's acts not negligent or intentional. As noted above, Slott's actions clearly violated the provisions of § 110. Such violations also state cause for the award of damages under the third clause of § 110(i)(1) which states that damages may be awarded under that subsection where "a bankruptcy petition preparer violates this section [*i.e.*, 11 U.S.C. § 110]."

Slott's actions also violative of that portion of the third clause of § 110(i) mandating an award of damages in favor of a debtor and some movants for fraudulent. unfair or deceptive acts by a bankruptcy petition preparer. Examples of unfair fraudulent and deceptive practices by Slott abound in this case. These practices include:

1. The uses of multiple aliases.

2. The use of a mail drop box as a business address which was then closed without leaving a forwarding address.

3. The use of a phone number which was disconnected without making arrangements for the forwarding of calls.

4. The conversion of a portion of the filing fee paid by the Debtors to his own use.

5. Based upon Ms. Rodriguez's testimony, Slott used a caller identification device to determine whether or not the caller was a prior customer, whose calls would not be taken or returned, or a new customer whose call would be taken. The use of this caller identification device in this manner is further supported by Ms. Rodriguez's testimony that Slott indicated to the investigating Aurora Police Department officer that Ms. Rodriguez had "tricked" him in order to confront him at the South Acoma Street address.

6. Slott's insistence on being paid in cash only.

7. The use of fictitious explanations for failing to pay over the entire prepaid filing fee to the bankruptcy court in the *Huffman* and *Rodriguez* cases.

8. The failure to list Countrywide under circumstances where Slott's references to knowing a "private investor" to assist the Debtors with their foreclosure problems is consistent with, and may be reflective of, an intent to engage in or assist another in engaging in an "equity skimming" scheme.

9. Ms. Rodriguez's testimony that the Aurora Police Department had issued arrest warrants for Slott arising out his conduct as a bankruptcy petition preparer.

10. Slott's apparent use of multiple addresses without forwarding addresses being provided.

These practices are unfair, fraudulent and deceptive and further support the imposition of damages under § 110(i).

Based upon the offer of proof of Mr. Nelsch the Debtors have suffered actual damages, which can be awarded by the district court under 11 U.S.C. § 110(i)(1)(A), of $2,677.82, consisting of:

1. Attorney Fees of $1,200

2. Foreclosure fees which could have been avoided had timely notice of this bankruptcy case been given to Countrywide Home Loans of $1,477.82

It is the recommendation of this Court that the Debtors be awarded damages in the amount of $2,677.82 as their damages under § 110(i)(1)(A). No fees and costs for bringing the motion by the Debtors were sought by the Debtors. Therefore it is the recommendation that no damages be awarded under § 110(i)(1)(C).

The Debtors' paid Slott $190. The statutory damages under § 1 10(i)(1)(B)(i) of $2,000 are therefore greater than the damages available under § 110(i)(1)(B)(ii), $380. The recommendation of this Court is that the Debtors be awarded damages of $2,000 under § 110(i)(1)(B).

It is the order of this Court that pursuant to § 110(i)(1) (and Rule 9033, Fed.R.Bankr. P.), the recommendations for the entry of damages in favor of the Debtors and against

Slott be certified to the United States District Court for the District of Colorado for the possible imposition of sanctions under § 110(i) in the event that a motion for such sanctions is filed in that court by the Chapter 13 Trustee, the Debtors or a creditor of this estate.

### Injunctive Relief under § 110(j)

█ The Court has made findings of fact and law in this opinion which constitute findings that Slott has engaged in conduct which is violative of the provisions of 11 U.S.C. § 110 and which constitute fraudulent, unfair and deceptive practices. These findings will not be reiterated in this portion of the opinion. Such conduct states cause for the imposition of injunctive relief under § 110(j)(2)(A)(i)(I & III). The Court will therefore order that an injunction be entered in favor of the United States Trustee and against Slott permanently enjoining him from engaging in any of the types of conduct identified herein as violative of § 110 and/or which have been identified as unfair, fraudulent or deceptive.

Should all fines levied under this opinion not be paid within thirty (30) days of the date that this order becomes a final order, Slott shall be enjoined from acting as a bankruptcy petition preparer.

No award has been sought under § 110(j)(3). Moreover, the United States Trustee, as movant is not entitled to such an award.

### Findings in Conjunction with 11 U.S.C. § 110(k)

Under § 110(k), this opinion does not constitute any adjudication or the issue of whether or not Slott's conduct constitutes the unauthorized practice of law.

### Conclusion and Summary

In accordance with the findings of fact and conclusions of law herein it is ordered that:

Steven James Slott shall pay the Clerk of the Court statutory fines in the sum of $3,000 for his violations of 11 U.S.C. § 110(a–g) within thirty days of the date that this order becomes a final order.

Steven James Slott shall file a statement of the compensation in this case received by him within 30 days of the entry of this order barring which all compensation and expense paid him shall be disgorged to Ms. Sally Zeman, as Chapter 13 Trustee, within thirty days of the date of this order. Should he fail to file the statement required by this order and also fail to disgorge all funds paid him having failed to file said statement, then an additional fine of $500 will be assessed thirty days after the entry of this order on the docket of the Court in accordance with 11 U.S.C. § 110(h)(4).

Steven James Slott shall be permanently enjoined from the violation of any provision of 11 U.S.C. § 110 including engaging in any unfair, fraudulent, or deceptive practice. Such practices include, but are not limited to:

1. The use of the trade name "Legaltype" or any other trade name which includes legal or a similar word to legal;

2. Using any alias specifically including but not limited to James Locke, James Loch, and Gerald James Flott;

3. Collecting any filing fee from any person intending to file a petition under title. 11 of The United States Code;

4. Maintaining a place of business other than at a street address at which he can be found;

5. Failing to return a phone call from a current or past customer within a commercially reasonable time.

6. Failing to take appropriate steps to provide a forwarding address and phone number should he move or change phone numbers.

7. Having any person execute a document for filing with a bankruptcy court or district court under title 11 of the United States Code unless that document is completed in full all pertinent details and a copy thereof provided to said person prior to its execution by said person;

8. Executing any document for filing in a case under title 11 of the United States Code on behalf of another person, specifically including but not limited to, a petition or motion to pay filing fees in installments

to a bankruptcy court or United States District Court;

9. Failing to affix on each and every document for filing under title 11 of the United States Code his signature, name, address, and Social Security number;

10. Failing to file a change of address and/or phone number with any and all United States Bankruptcy and District Courts in which a document he has prepared for filing has been filed within five court days of his move and/or change of phone number and to serve a copy thereof on all persons for whom such document for filing has been prepared; and

11. Failing to file a statement of the compensation received by him from a person for whom he has prepared a document for filing in a United States Bankruptcy and/or District court.

Should Steven James Slott fail to pay all fines assessed by this order within thirty (30) days of this order becoming a final order or be found by a court of competent jurisdiction to have violated any provision of 11 U.S.C. § 110, he shall be permanently enjoined from acting as a bankruptcy petitioner preparer.

The Court intends that the injunctive relief granted herein shall have effect nationwide.

Further, the Court certifies this opinion to the United States District Court for the District of Colorado under 11 U.S.C. § 110(i) and recommends that actual damages be awarded to the Debtors, upon the filing of the appropriate motion in that court, in the amount of § 2,677.82, under 11 U.S.C. § 110(i)(1)(A), and that they be awarded statutory damages of § 2,000 under 11 U.S.C. § 110(i)(1)(B)(i).