**In re Irene REPP.**

**Bankruptcy No. B–96–01521–PHX–RTB.**

United States Bankruptcy Court,
D. Arizona.

Feb. 24, 1998.

Brenda Moody Whinery, U.S. Trustee, District of Arizona, Phoenix, AZ.

Richard J. Cuellar, Atty. Advisor, Phoenix, AZ.

Irene Repp, Mesa, AZ, Pro se.

REDFIELD T. BAUM, Bankruptcy Judge.

Before the court are the motions by the U.S. Trustee ("UST") to find Richard S. Berry ("Berry"), Robert Charrette, ("Charrette") and People's Services, Inc. ("PSI") in civil contempt and/or to impose sanctions against them for violations of this court's orders of May 23, 1997. Those orders, in

general, enjoined Berry and his corporation, People's Law, Inc. ("PLI"), from acting as bankruptcy petition preparers under Section 110 of the Bankruptcy Code. The scope of such injunction was broad so that the prohibition from acting as bankruptcy petition preparers included directly and indirectly so acting and from soliciting or advertising for such business.

PSI has not responded to the UST's motion and evidence, other than by the improper effort of Berry to respond on its behalf. This court has ruled that Berry can not represent or act for PSI in these proceedings. The essence of Berry's response to the UST's claims and evidence is that he is not acting as bankruptcy petition preparer ("bpp") since the entry of the order, but only working for attorneys who do bankruptcy work.

■ Thus, the issues before this court are primarily fact issues regarding the bankruptcy business conduct by Berry, PSI and Charrette. Section 110(f) prohibits bpp from using the word legal or similar terms, such as law, in advertising for bankruptcy business. Responding to prior orders from this court, Berry's business, PLI, stopped using the word "law" in its name and in its advertising for bankruptcy business. Instead, PSI became part of the bankruptcy business controlled and run by Berry. Berry has run a non-lawyer type business from 1845 East Broadway in Tempe, Arizona for some time. Berry controls and has controlled the businesses run from that location including, but not limited to, PLI and PSI. Regardless of the name, legal structure, record ownership and similar indicia, Berry controls those operations. Although the name and perhaps corporate structure may have been changed when PSI took over PLI's bankruptcy role, the location, staff, phone number and all other objective factors establish that the business operated there was the same, namely the preparation of bankruptcy petitions and other bankruptcy documents that were filed with this court.

Perhaps the best evidence of this is the advertising done by Berry and PSI after May 23, 1997. The billing records for this business tell that story. For the period of "March 31, 1997 thru June 29, 1997" the advertiser was "People's Law" with the bills sent to the East Broadway address. For the period of "June 12, 1997 thru September 25, 1997" the advertiser was "People's Law" for a product described as "People's Law/Bnkrptcy" with the bills again going to the Broadway address. Although some of the actual advertisements did not use the word "bankruptcy" the advertisements were intended to attract bankruptcy business. Berry admitted that in general the advertising campaigns were more successful than he anticipated. From the volume of bankruptcy business that Berry/PLI/PSI filed with this court in 1996 and 1997, such advertising attracted significant bankruptcy work.

Based on all of the evidence presented to this court, the court finds that after May 23, 1997, the bankruptcy petition preparation business operated and controlled by Berry at the Broadway location continued materially unchanged for months after that date. Same location, same employees, same basic advertising program and, most significantly in terms of these proceedings, continued filing of bankruptcy documents in various and numerous cases in this bankruptcy court. Such actions, specifically the filing of bankruptcy pleadings and the continuing advertising for bankruptcy business, were in direct violation of this court's May 23, 1997 orders.

■ This court also takes judicial notice of the numerous orders by this court imposing fines on Berry/PLI/PSI for various violations of Section 110 and that virtually all of those fines remain unpaid as of the hearings before this court. Berry candidly admitted that the fines had not been paid, but asserted general financial hardship. Notably, the business operations at East Broadway continue to operate still.

Finding that Berry/PLI/PSI violated the May 23, 1997 orders is not the difficult task for this court. A finding of civil contempt and/or sanctions is more than appropriate, but the difficult questions is the appropriate fine, expanded injunction or other sanction to be imposed. Berry/PLI/PSI have violated the existing injunction and not paid the numerous fines imposed by this court. This

court must assume that Berry will not comply with the orders of this court and must, therefore, fashion appropriate remedies. This court has broad powers under Section 105 of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and also the inherent power to issue appropriate orders to insure that the orders of this court are enforced.

This court finds Berry, PLI and PSI in civil contempt of this court orders of May 23, 1997 for their willful and intentional actions in violation of the provisions of those orders. This court imposes the following severe sanctions against Berry. First, Berry, PLI and PSI are each fined $1,000,000.00 for their actions. Second, Berry is barred from any role, directly or indirectly, in the preparation of documents to be filed with this Bankruptcy Court. Without limiting the generality of such prohibition, Berry shall not solicit, advertise, advise, prepare, file or have any other role, directly or indirectly, relating to any document filed with this Bankruptcy Court. This court admonishes third parties, including but not limited attorneys, bankruptcy petition preparers, advertising agencies, and advertisers (television stations, radio stations, newspapers, etc.) that they are not to knowingly assist Berry in violating any order of this court. This court directs the UST to serve this order on any party that it believes is acting with or on behalf of Berry in violation of the orders of this court. Third, the orders of May 23, 1997 are confirmed and are fully enforceable in accordance with their terms and conditions except as expressly modified by this decision, i.e., the barring of Berry from any role in the preparation of bankruptcy documents.

This court considers the role of Charrette a "close call" on whether he has knowingly violated the May 23 orders of this court. However, at this time Charrette will be given the benefit of the doubt and no sanctions or other relief will be imposed against him at this time. Charrette is admonished to comply with the requirements of Section 110 of the Bankruptcy Code and this court will, on its motion, reopen this proceedings as to Charrette if this court ever finds Charrette to have violated any provision of Section 110, the May 23, 1997 orders or this ruling.

Therefore, Berry, PLI and PSI are found in civil contempt by this court and sanctioned in the manner stated herein. The request for civil contempt and/or sanctions as to Charrette is denied, without prejudice, provided that such request may be reopened on the motion of the court or the UST with this court retaining jurisdiction to further consider such issues.

Counsel for the UST shall serve and lodge an appropriate order.