**In the Matter of Denise ALI, Debtor.**

**In the Matter of Claudius Taylor, Debtor.**

**Bankruptcy Nos. 198–18215–575, 198–17404–575.**

United States Bankruptcy Court,
E.D. New York.

Feb. 25, 1999.

---

Denise Ali, Brooklyn, NY, pro se.

Claudius Taylor, Jamaica, NY, pro se.

Stuart P. Gelberg, Garden City, NY, for Chapter 13 Trustee.

Neftali Baez, Jr., Brooklyn, NY, pro se.

## OPINION ON ORDER TO SHOW CAUSE REGARDING CONDUCT OF PETITION PREPARER

LAURA TAYLOR SWAIN, Bankruptcy Judge.

In hearings on the standing Chapter 13 trustee's motions to dismiss the above cases, the debtors in these otherwise unrelated cases each alleged that the "skeletal" bankruptcy petition [1] filed in his or her case had been prepared by Neftali Baez, Jr. ("Baez"), and that each had paid Baez substantial sums in connection with the preparation of such petitions. Each debtor further alleged that Baez had failed to prepare a Chapter 13 plan and had failed even to inform the debtor that a plan was required. Based on sworn testimony from each of the debtors as to these

matters (further details of which are provided below) and on the debtors' petitions, neither of which included any disclosure as to the involvement of a petition preparer, the Court issued an order to show cause in each case, directing Baez to appear and show cause as to why he should not be held in violation of applicable law.[2] The orders to show cause were both made returnable on the same date and at the same time. Baez did not respond in writing to either order to show cause, but did appear in court and gave testimony on the specified date.

For the reasons set forth below, the Court finds that Baez violated each of the following subsections of the Bankruptcy Code: 11 U.S.C. §§ 110(b)(1), (c)(1), (f)(1), (g)(1) and (h)(1). The Court will impose sanctions in accordance with the Bankruptcy Code and will certify certain findings to the District Court for the purposes of 11 U.S.C. § 110(i). Because Baez may have committed criminal violations, a copy of this opinion and the transcripts of the hearings, with exhibits, will be forwarded to the Office of the United States Attorney for review. Moreover, because Baez alleges that he is in partnership with an attorney, Dan Levine, maintaining a place of business at 1443 Flatbush Avenue, Brooklyn, N.Y. 11210 under the name R.K.A. Realty Consultants ("R.K.A."), a copy of this opinion and the transcripts will be forwarded to the New York State Supreme Court, Appellate Division, Second Department, Disciplinary Committee for review.

This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). This proceeding is a contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014. This Opinion constitutes the Court's findings of fact and conclusions of law for purposes of Federal Rule of Bankruptcy Procedure 7052.

1. Each filing consisted solely of the petition face sheet and an uncertified mailing matrix and lacked all other required schedules and statements; neither included a Chapter 13 plan.

2. The order in the Ali case directed Baez to "show cause as to why he should not be held in violation of the disclosure and fee payment provisions of the Bankruptcy Code and the rules of

this Court." The order in the Taylor case directed Baez to "show cause as to why [he] should not be required to disgorge all fees paid to [him] by debtor and found in violation of the disclosure requirements of the Bankruptcy Code." Each order was dated July 15, 1998 and made returnable on September 2, 1998 at 10:00 a.m.

## BACKGROUND

Denise Ali and Claudius Taylor (collectively, "Debtors") filed separately for relief under Chapter 13 of the Bankruptcy Code. The standing Chapter 13 trustee brought separate motions to dismiss (the "Motions") in each case for failure to comply with certain obligations of a Chapter 13 debtor. The Motions were returnable on the same date and at the same time. At the hearings on the Motions, each Debtor testified that Baez had prepared his or her Chapter 13 petition.

Debtor Ali testified that her "skeletal" bankruptcy petition filing, which had not been perfected in the time period allotted under the Bankruptcy Code, had been prepared by Baez, notwithstanding the fact that Baez's involvement was not disclosed in the petition. She further asserted that she was unaware of the requirement that a Chapter 13 plan be filed and unaware that she was required to attend a section 341(a) meeting of creditors. She testified: "[Baez] tells me I could save my house by filing Chapter 13. Then I filed Chapter 13 to try and save my house. I gave him $300 plus the court $40." Transcript of July 15, 1998 Hearing in *In re Denise Ali*, at 3.

Debtor Taylor supplied the Court with a copy of Baez's business card, which identifies Baez as a "Foreclosure Consultant" with R.K.A., and testified that he had paid Baez $635 to prepare and file his original petition, which was also a "skeletal" one. After receiving a deficiency notice from the Court, Taylor unsuccessfully tried to secure Baez's assistance in preparing and filing a Chapter 13 plan. Taylor subsequently obtained counsel but filed the supplementary documents "pro se." Transcript of July 15, 1998 Hearing in *In re Claudius Taylor*, at 6. According to Taylor: "The petition was filed by Mr. Baez. The Chapter 13 was filed by Mr. Baez. But he never told me about filing a plan. I thought he would perhaps follow up on it. You know, he came to my house, he wrote my name, my social security down on the application, and he collected his fee, and that was it. That was the last time I saw Mr. Baez." Transcript of July 15, 1998 Hearing in *In re Claudius Taylor*, at 8. Taylor also supplied the Court with a flyer distributed by R.K.A. (the "Flyer"), which is described in more detail below.

Through R.K.A., Baez sends the Flyer to persons on foreclosure lists as part of his advertising program. The Flyer asserts, among other things, that

Financial recovery programs are now available to homeowners that will help you with the following: ... QUICK FILE PROGRAM ... FR 707 allows a homeowner to file a PRO–SE bankruptcy Chapter 13 petition for as little as $40 installment court fee. Even if you have already filed before, you can by law, file again. We are fast and prepared to help you stop your sale in one day or even one minute before the auction of your home.... 'GIVING YOU A FRESH START IS OUR BUSINESS.'

Baez testified that the reference to "FR 707" in the Flyer related to "filing the petition ... a filing program to buy debtors some time." Transcript of Sept. 2, 1998 Hearing in *In re Denise Ali*, at 16–17. Baez asserted that the Flyer was prepared by his attorney-partner, and that he himself was unaware of the requirements of section 110 of the Bankruptcy Code. Transcript of Sept. 2, 1998 Hearing in *In re Denise Ali*, at 8–9, 19–20.

Baez testified that he is a fifty percent owner of R.K.A. It is through R.K.A. that Baez provides bankruptcy petition preparing services. He admitted that he has filed petitions for approximately twelve Chapter 13 debtors in the past year and that he did not inform the debtors of their obligations under the Bankruptcy Code. Transcript of Sept. 2, 1998 Hearing in *In re Denise Ali*, at 22. The trustee asserted that Baez has prepared many more "pro se" petitions.

On the skeletal petitions he prepared for Debtors, Baez failed to disclose his name, address and compensation paid. No schedules, statements or Chapter 13 plans were prepared or filed. Baez testified that he prepared the petitions for the Debtors "to help them keep their homes from going to public auction, until they could get legal representation or create a sale." Transcript of Sept. 2, 1998 Hearing in *In re Denise Ali*, at 6. Baez further admitted that he received compensation for the services rendered.

From Taylor, he received $635 plus $160 for the court filing fee; from Ali, he received $300 plus $40 for the court filing fee.

Baez testified that his business provides courier services to file the petitions with the court. Moreover, Baez collects and delivers the filing fees to the court.

The Court informed Baez that, following further consideration, the Court would issue a written decision requiring him to refund monies to the Debtors and imposing monetary sanctions in an amount to be determined.

As explained below, the Court finds that Baez has violated a number of the provisions of section 110 of the Bankruptcy Code and that the imposition of sanctions is warranted to deter future illegal conduct.

### DISCUSSION

■ Section 110 was enacted in 1994 "to protect consumers from abuses of non-lawyer petition preparers." *Consumer Seven Corp. v. United States Trustee (In re Fraga)*, 210 B.R. 812, 818–19 (9th Cir. BAP 1997); *see United States Trustee v. Smith (In re Gavin)*, 181 B.R. 814, 815 (Bankr.E.D.Pa.1995) (section 110 was enacted to regulate conduct of lay persons who assist debtors in preparing bankruptcy petitions for compensation). Although has been criticized by some non-lawyers as "a thinly-veiled attempt to protect the professional domain of lawyers and to exclude non-lawyers from making a living in the bankruptcy arena," section 110 is "primarily ... a consumer protection measure unrelated to the practice of law." *Fessenden v. Ireland (In re Hobbs)*, 213 B.R. 207, 210 (Bankr.D.Me.1997), *citing United States Trustee v. PLA Peoples Law–Arizona, Inc. (In re Green)*, 197 B.R. 878, 879 (Bankr. D.Ariz.1996); *see Marshall v. Bourque (In re Hartman)*, 208 B.R. 768, 776 (Bankr.D.Mass. 1997) (recognizing section 110 as "a consumer protection measure to deter and provide remedies for perceived abuses and the unauthorized practice of law by an increasingly large number of non-lawyers who were advising and assisting debtors in filing bankruptcy petitions.").

*Baez's Conduct is Subject to Section 110*

■ Section 110(a)(1) defines a bankruptcy petition preparer as a "person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing" in a bankruptcy case. 11 U.S.C. § 110(a); *see Hobbs*, 213 B.R. at 210 (section 110 applies only to "nonlawyer petition preparers"); *In re Fish*, 210 B.R. 603, 606 (Bankr.D.Colo.1997) (finding nonlawyer respondent was subject to section 110 as he accepted $190 for preparing debtor's petition); *United States Trustee v. Womack (In re Paskel)*, 201 B.R. 511, 515–16 (Bankr. E.D.Ark.1996) (noting that even if preparer took money for preparing petition to benefit charity, section 110 would apply).

Here, Baez admits that he was paid $300 by Ali and $635 by Taylor for preparing each petition. Further, Baez admits that he prepares bankruptcy petitions for debtors to help them avoid foreclosure and considers himself Levine's partner rather than employee. He thus is a bankruptcy petition preparer within the meaning of section 110(a).

*Violation of Section 110(b)*

■ Section 110(b) provides, in pertinent part:

A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

11 U.S.C. § 110(b)(1).

Baez violated section 110(b)(1) in that, on each of the petitions in question. Baez did not provide his signature nor did he print his name and address as required. *See In re Williams*, 216 B.R. 600, 601–02 (Bankr. S.D.Tex.1997) (bankruptcy petition preparer may be sanctioned for each document provided without signature or name and address printed); *In re Murray, et al.*, 194 B.R. 651, 657 (Bankr.D.Ariz.1996) (bankruptcy petition preparer violated section 110 because, as document preparer, he did not sign petition in such capacity).

*Violation of Section 110(c)*

Section 110(c) provides that:

A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signa-

ture, an identifying number that identifies individuals who prepared the document.... [T]he identifying number shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.

11 U.S.C. §§ 110(c)(1), (2).

Here, Baez violated section 110(c)(1) in that he failed to place his social security number on the documents he prepared for filing. *See In re Adams,* 214 B.R. 212, 216–17 (9th Cir. BAP 1997) (there is no fundamental privacy right prohibiting disclosure of social security number, thus bankruptcy petition preparer must reveal social security number or decline to prepare bankruptcy petitions); *Murray,* 194 B.R. at 657–58 (bankruptcy petition preparer violated sections 110(c)(1) and (2) because he did not list social security number after his signature on the document prepared); *Gavin,* 181 B.R. at 823 (preparer violated sections 110(c)(1) and (2) by omitting signature and social security number).

*Violation of Section 110(f)*

■ Section 110(f)(1) provides:

A bankruptcy petition preparer shall not use the word 'legal' or any similar term in any advertisements, or advertise under any category that includes the word 'legal' or any similar term.

11 U.S.C. § 110(f)(1).

Section 110(f) prohibits the bankruptcy petition preparer from using the word "legal" or similar terms, such as "law," in advertising for bankruptcy business. *In re Repp,* 218 B.R. 518, 519 (Bankr.D.Ariz.1998); *In re Kaitangian,* 218 B.R. 102, 107 (Bankr. S.D.Cal.1998) (use of word "paralegal" creates misleading impression that bankruptcy petition preparer is qualified to give legal advice when they cannot do so lawfully— service must be limited to clerical function); *Hobbs,* 213 B.R. at 215 (term "paralegal" fosters consumer confusion); *Gavin,* 181 B.R. at 823 (use of word "legal" in violation of section 110(f)(1) misled debtors to believe that in contacting bankruptcy preparer's business they would be contacting local "legal aid" program which provided free legal services to indigent persons in Chapter 7 cases).

Baez, through R.K.A., advertises his bankruptcy petition preparation services by sending the Flyer to persons whose names appear on foreclosure lists. The Flyer advises persons who have previously filed petitions that they can, "by law, file again" and asserts that "FR 707 allows a homeowner to file a PRO–SE bankruptcy petition for as little as $40 installment court fee." These references to "law" and "court" and what is made to sound like a statutory provision clearly give the impression that the services offered are legal ones; the Flyer itself purports to give legal advice. The Flyer thus may mislead lay persons into believing that Baez and his company provide legal services. The advertising violates section 110(f)(1).

*Violation of Section 110(g)*

■ Section 110(g) provides:

A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for court fees in connection with filing the petition.

11 U.S.C. § 110(g)(1).

Baez testified that he collected the filing fees from the debtors. He further testified that he delivered the fees collected to the court. Consequently, it is clear that Baez violated section 110(g)(1) in both cases. *See In re Kaitangian,* 218 B.R. at 115–16 (collection of court filing fees violates section 110(g)(1) and supports imposition of $500 fine); *In re Jones,* 227 B.R. 704, 705 (Bankr. S.D.Ind.1998) (bankruptcy petition preparer may not collect filing fees); *Murray,* 194 B.R. at 658 (bankruptcy petition preparer violated section 110(g)(1) by advancing $30 on behalf of debtors for court filing fees).

*Violation of Section 110(h); Reasonable Value of Services*

■ Section 110(h) provides, in pertinent part:

Within 10 days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.... The court shall disallow and order the immediate turnover to the bankruptcy

trustee of any fee ... found to be in excess of the value of services rendered for the documents prepared.

11 U.S.C. § 110(h)(1), (2).

Both Debtors testified, and Baez admitted, that they paid Baez substantial fees. Baez violated subsection (h)(1) of section 110 in that he failed to file a declaration, under penalty of perjury, disclosing the fees he received from the Debtors. *See Murray,* 194 B.R. at 658 (bankruptcy petition preparer violated section 110(h)(1) by not filing any declaration, under penalty of perjury, disclosing $300 fee he was to receive in case); *Gavin,* 181 B.R. at 823 (violation of section 110(h)(1) was manifested since no declaration of fee received was disclosed).

*Violation of Federal Rule of Bankruptcy Procedure 1006(b)(3)*

■ Federal Rule of Bankruptcy Procedure 1006(b)(3) further requires that "[t]he filing fee must be paid in full before the debtor or chapter 13 trustee may pay an attorney or any other person who renders services to the debtor in connection with the case." Fed.R.Bankr.P. 1006(b)(3).

Baez participated in a violation of Bankruptcy Rule 1006(b)(3) in that he received payment for services rendered while Debtors paid court filing fees in installments. *See* Transcript of Sept. 2, 1998 Hearing *In re Denise Ali,* at 11.

*Penalties*

*Fines*

■ The penalty for violation of any of the foregoing provisions of the Bankruptcy Code is a fine of not more than $500 for each failure to comply, although sections 110(b) and (c) allow the preparer to avoid fines relating to violations of those provisions upon a showing that "the failure is due to reasonable cause." 11 U.S.C. §§ 110(b)(2), (c)(3). The fine for a violation of section 110(h)(1) may be imposed only if the preparer fails to make a refund within 30 days after a court directive to do so. 11 U.S.C. § 110(h)(4); *see Gavin,* 181 B.R. at 822.

Baez has presented no evidence of "reasonable cause" for any of his violations of section 110. Baez's sole defense is that he did not act with malice or intent to subvert tile law. In essence, he argues that he was not aware of section 110 and its requirements or limitations. Ignorance of the law is not reasonable cause to forego the imposition of fines. *Kaitangian,* 218 B.R. at 116 (preparer's claim of ignorance of law or confusion with respect to violations is without merit); *Murray,* 194 B.R. at 658 (bankruptcy petition preparer's numerous failures to comply with section 110 one month after its enactment does not support finding that preparer was ignorant of the law—one month after enactment of amendment is more than enough time to familiarize self).

Baez has made no showing of reasonable cause. The imposition of fines is thus appropriate to deter future illegal conduct on the part of this bankruptcy petition preparer. Baez shall therefore be required to pay to the Clerk of the Court: $500 for violation of section 110(b) in each case (for a total fine of $1,000 in respect of 11 U.S.C. section 110(b) violations); $500 for violation of section 110(c) in each case (for a total fine of $1,000 in respect of section 11 U.S.C. section 110(c) violations); $500 for violation of 11 U.S.C. section 110(f) in each case (for a total fine of $1,000 in respect of 11 U.S.C. section 110(f) violations), and $500 for violation of section 110(g) in each case (for a total fine of $1,000 in respect of 11 U.S.C. section 110(g) violations).

*Disgorgement*

■ Pursuant to section 110(h)(2), the Court will disallow and order the immediate turnover of any excessive fees paid to Baez by the Debtors. *See Interpreting 11 U.S.C. § 110 Which Governs Conduct of Non-Lawyer Bankruptcy Petition Preparers and Delineating Relationship, Powers and Functions of Bankruptcy Court and District Court Under Statute,* 198 B.R. 604, 608 (C.D.Cal.1996) (General Order No. 96–3) (bankruptcy court has the power to order disallowance of fees and the turnover of such funds to the bankruptcy trustee). In deciding whether fees are excessive, the Court must determine the reasonable value of the services rendered. *Murray,* 194 B.R. at 658 (the reasonable value of services rendered is zero where preparer lost debtor's informa-

tion and documents several times and filed a "bare bones" petition after debtor's car was repossessed).

■ The Court finds that the reasonable value of Baez's services was $25 in each of these cases because he filed only skeletal petitions for Debtors which, while facially sufficient to invoke the protection of the automatic stay, were insufficient to support a viable Chapter 13 filing in either case. The clerical nature of the work, which was performed shoddily, justifies a low benchmark rate, and Baez's failure to provide Debtors with any meaningful information regarding the required documentation or the process into which he had led them warrants the reduction to a token amount. Baez shall immediately refund to each debtor the portion of the fee paid by such debtor that exceeds $25. Thus, Baez shall refund $610 to Claudius Taylor and $275 to Denise Ali. *Cf. Hartman,* 208 B.R. at 780–781 (court found that $675 fee charged by petition preparer unreasonable, fixed fee at $50 and ordered turnover of $625).

### Certification to District Court

Subsection (i) of section 110 requires a bankruptcy court to make a certification to the District Court in the event a bankruptcy petition preparer "violates this section or commits any fraudulent, unfair or deceptive act." Following such certification, and in the event the debtor, the trustee, or a creditor makes a motion in the District Court for the imposition of penalties on the preparer pursuant to subsection (i), the District Court is empowered to order the petition preparer to pay the debtor:

(1) ... (A) the debtor's actual damages;

(B) the greater of—

(i) $2,000; or

(ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

(C) reasonable attorney's fees and costs in moving for damages under this subsection.

11 U.S.C. § 110(i).

The statute further provides:

(2) If the trustee or creditor moves for damages on behalf of the debtor under this subsection, the bankruptcy petition preparer shall be ordered to pay the movant the additional amount of $1,000 plus reasonable attorneys' fees and costs incurred.

11 U.S.C. § 110(i).

The Court hereby certifies to the District Court, for purposes of 11 U.S.C. section 110(i), that it has found Baez in violation of 11 U.S.C. sections 110(b), (c), (f), (g) and (h). The Court further finds and certifies that Baez's use of the Flyer and its contents, filing of skeletal Chapter 13 petitions merely to thwart foreclosure, and his acceptance of full payment for services rendered while court filing fees are paid in installments, in violation of the law, constitute "fraudulent, unfair, and deceptive acts".

An order consistent with this opinion has been filed simultaneously herewith in each of the above-captioned cases.