In re Sheila PASKEL.

UNITED STATES TRUSTEE, Plaintiff,

v.

Thomas WOMACK, Jr., Defendant.

Bankruptcy No. 96–43288 S.
Adv. No. 96–4071.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 8, 1996.

David Coop, Chapter 13 Trustee.

Jean Madden, Little Rock, AR, for debtor.

*ORDER DENYING PETITION FOR LEAVE TO PROCEED IN FORMA PAUPERIS FOR LACK OF JUSTICIABILITY*

MARY D. SCOTT, Bankruptcy Judge.

 THIS CAUSE is before the Court upon a "Notice of Appeal, Belated Appeal and Designation of Record" and a "Petition for Leave to Proceed Informa [sic] Pauperis," filed by the defendant Thomas Womack, Jr., on September 27, 1996. On September 19, 1996, this Court issued its findings of fact and conclusions of law relating to the trial of the Complaint by the United States Trustee for injunction and sanctions pursuant to 11 U.S.C. § 110 against Thomas Womack, a bankruptcy petition preparer. However, inasmuch as the Court awaits a statement of costs from the U.S. Trustee, the Court has not issued a final order in this adversary proceeding. Until a final order is entered, the matter is not ripe for an appeal.[1] Upon receipt of the statement from the U.S. Trustee, the Court will issue a final judgment. It is from that judgment that Womack may, within ten (10) days of entry of the judgment, file his notice of appeal. Inasmuch as there is no final order entered in this adversary proceeding from which an appeal lies, the petition for leave to proceed in forma pauperis does not present a justiciable issue for the Court. Accordingly, it is

**ORDERED:** that the "Petition for Leave to Proceed Informa [sic] Pauperis," filed by the defendant Thomas Womack, Jr., on September 27, 1996, is denied, without prejudice, as not presenting a justiciable issue. Upon entry of a final order in this adversary proceeding and upon a timely filing of a notice of appeal of that order, Womack may file and/or re-file any appropriate motions.

**IT IS SO ORDERED.**

1. Womack also attempted to appeal an order of August 7, 1996. No court has subject matter jurisdiction over an appeal filed so late. *See Jacobson v. Nielsen,* 932 F.2d 1272 (8th Cir.

1991); *Pilliod of Carolina, Inc. v. Ray (In re Arkansas Wholesale Furniture, Inc.),* 19 B.R. 1013 (E.D.Ark.1992) (Roy, J.); *In re Moody,* 41 F.3d 1024 (5th Cir.1995).