**In re Bonnie J. REED, Debtor.**

**Bankruptcy No. 96–4–9366 J.**

United States Bankruptcy Court,
N.D. California.

May 7, 1997.

Minnie Loo, Assistant United States Attorney, for movant.

Christine Mandjik, Richard Lubetzky, Los Angeles, CA, for Respondent.

## DECISION

EDWARD D. JELLEN, Chief Judge:

Christine Mandjik ("Mandjik") is a "bankruptcy petition preparer" within the meaning of Bankruptcy Code § 110(a)(1) [1]. The United States Trustee has requested the court to impose sanctions against Mandjik for violating Bankruptcy Code § 110(g)(1), which reads as follows:

> A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition.

The U.S. Trustee contends that Mandjik violated § 110(g)(1) by accepting the debtor's money order payable to the Clerk of the U.S. Bankruptcy Court, and arranging for a messenger to deliver that money order to the bankruptcy court, together with the debtor's bankruptcy petition. The U.S. Trustee makes no allegation that Mandjik mishandled or misdirected the funds, or that anyone failed to deliver the money order to the bankruptcy court in accordance with the debtor's instructions.

The court holds that the conduct in question did not violate § 110(g)(1). This is so because Mandjik, in her personal capacity, did not "collect or receive" any funds from the debtor for the filing fee. At most, Mandjik acted only as the debtor's agent when she took possession of the debtor's money order payable to the clerk of the bankruptcy court,

1. Bankruptcy Code § 110(a)(1) defines "bankruptcy petition preparer" as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." All further section references herein are to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, as in effect for cases filed on or after October 22, 1994.

and caused a messenger to deliver it to the court.

The court is aware of the contrary rulings in *In re Burdick*, 191 B.R. 529, 535 (Bankr. N.D.N.Y.1996) and *In re Green*, 197 B.R. 878 (Bankr.D.Ariz.1996). In *Burdick*, the court held, without discussion, that § 110(g)(1) prohibited the preparer from accepting possession of a check to the order of the bankruptcy court clerk. In *Green*, the court looked to *Collier on Bankruptcy*, 15th Ed. (1996) for guidance, and based on certain language therein, concluded that § 110(g)(1) was enacted, *inter alia*, to prohibit a bankruptcy petition preparer from "taking 'control' over the filing fee and ultimately controlling the timing of the bankruptcy filing." *Green*, 197 B.R. at 879.

Respectfully, this court declines to follow *Burdick* and *Green*. The relevant statement in *Collier* is that Congress enacted § 110(g)(i) "to prevent the preparer from ... influencing the debtor's decisions about whether and when to file". 2 *Collier on Bankruptcy*, para. 110.07, (Matthew Bender 15th Ed. Revised 1996) (hereafter *"Collier"*) [2]. Initially, the court notes that a debtor's authorizing a preparer to deliver a money order to the bankruptcy court would not confer upon the preparer any special influence over the debtor's decision whether to file.

■ As to the debtor's timing decision, the U.S. Trustee does not contend that it was improper for Mandjik to arrange for the delivery of the debtor's bankruptcy petition, schedules, and related papers to the bankruptcy court [3]. In fact, § 110(i)(1) implicitly recognizes that it is not improper for a petition preparer to do so [4]. The mere delivery

of a money order to a preparer, however, would not vest the preparer with any more "control" over the debtor's timing decision than would the preparer's possession of the debtor's signed bankruptcy petition and list of creditors. Indeed, as a practical matter, a preparer is far more likely to influence the timing of the bankruptcy filing by the speed at which it does the paperwork, rather than by its possession of the debtor's check to the order of the clerk of the bankruptcy court. Moreover, delivery of a money order to the preparer would not divest the debtor of his or her right to instruct the preparer as to when the preparer should file the petition.

Also, under the U.S. Trustee's construction of § 110(g)(1), if a preparer is to file a debtor's bankruptcy petition, the check for the filing fee would have to be delivered to the bankruptcy court by separate conveyance so that it remains in the debtor's "control". The court believes that such a construction is not a reasonable one.

■ A more reasonable construction of § 110(g)(1) is that it prohibits a preparer from accepting funds for its own account in respect of the filing fee. As so construed, § 110(g)(1) would prohibit a preparer from misrepresenting or disguising the cost of the petition preparation services by requiring the debtor to furnish a single check for payment of both the petition preparation services and the filing fee. It would also prohibit the preparer from enjoying any benefit from the use of the debtor's funds, or from commingling them with any other funds. Yet, it would allow preparers to deliver bankruptcy petitions to the court in accordance with a debtor's instructions without having to resort to awkward devices to avoid taking possession of the debtor's check for the filing fee [5].

2. *Collier* states (without citation of authority) that four reasons exist for the enactment of § 110(g)(1). The additional three reasons, according to *Collier*, are to prevent the preparer from: (1) "filing the petition without the debtor's authorization", (2) "misrepresenting the filing fees to the debtor", and (3) "misappropriating filing fees from the debtor." *Id.*

3. Rather, the U.S. Trustee has requested the court to review the reasonableness of Mandjik's charge for doing so.

4. Section 110(i)(1) authorizes the court to impose fines and assess damages against a petition preparer if a bankruptcy petition or related proceeding is dismissed because of the preparer's "failure to file bankruptcy papers."

5. The court is not suggesting that a bankruptcy court cannot, for cause, bar a particular petition preparer from filing petitions with the court. *See, e.g.*, § 110(j).

Here, Mandjik did not violate 110(g)(1), and she is therefore entitled to prevail as to this issue [6].

---

**6.** Mandjik also argues that the Bankruptcy Petition Preparer Guidelines in effect in the Northern District of California, and certain correspondence that she received from the Office of the U.S. Trustee, authorize petition preparers to deliver filing fees as well as bankruptcy papers to the bankruptcy court. Because the court holds that the governing statute did not prohibit the conduct at issue, the court need not address these contentions.