### In re Ronald S. WALLACE, Debtor.

**Bankruptcy No. 97–5904–RLB–7.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Feb. 13, 1998.

Christopher L. Garrison, Garrison & Kiefer, Indianapolis, IN, for petition preparer/Settles.

Kevin P. Dempsey, Office of U.S. Trustee, Indianapolis, IN, for U.S. trustee.

### ENTRY ON UNITED STATES TRUSTEE'S MOTION TO REVIEW PAYMENTS TO PETITION PREPARER

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Motion to Review Payments to Petition Preparer ("Motion to Review"), filed by Edward B. Hopper, II ("US Trustee") on July 1, 1997. Kathy A. Settles ("Ms. Settles") filed a response ("Response") to the Motion to Review on July 10, 1997. A hearing on the Motion to Review was held on January 8, 1998. The Court, having considered the Motion to Review, the Response, and the matters presented at the January 8, 1998 hearing, now makes the following Entry.

Ms. Settles is a non-attorney bankruptcy petition preparer. Ms. Settles prepared the bankruptcy petition filed by Ronald S. Wallace (the "Debtor") in the instant bankruptcy case.

In the Motion to Review, the U.S. Trustee asks the Court to resolve several issues regarding the tasks that a non-attorney bankruptcy petition preparer may and may not perform. The parties have informed the Court that they have resolved all but one of the issues raised by the Motion to Review.[1] The remaining issue concerns whether Ms. Settles may receive monies from her customers to be paid to the Clerk of the Bankruptcy Court, and whether Ms. Settles may, on behalf of her customers, deliver documents to, and file documents with, the Clerk of the Bankruptcy Court.

11 U.S.C. § 110 was enacted in 1994 to regulate the activities of non-lawyer bankruptcy petition preparers. With regard to filing fees, Section 110(g)(1)[2] provides that a petition preparer may not collect fees from customers for payment to the Clerk of the Bankruptcy Court. At least one court has explained the reasons for enactment of Section 110(g)(1) as follows:

> [T]here were three reasons for the enactment of [Section] 110(g)(1): (1) preventing the unauthorized filing of petitions; (2) preventing or curtailing the preparer's influence on a debtor's decision and timing on petition filing; and (3) preventing a preparer's misrepresentation, or misquoting of the filing fee.... In light of these concerns, [Section] 110(g)(1) prohibits a petition preparer from taking 'control' of the filing fee and ultimately controlling the timing of the bankruptcy filing.

*In re Green,* 197 B.R. 878, 879 (Bankr.D.Ariz. 1996) (citation omitted). According to *Colliers,* Section 110(g)(1) was intended to prevent petition preparers from

---

1. *See* Agreed Entry on United States Trustee's Motion to Review Payments to Petition Preparer, approved by the Court on January 9, 1998.

   In the Agreed Entry, the parties agree as follows:

   2. ... Settles agrees that she will refrain from the following activities:

   (A) giving advice on the right to file bankruptcy, and explaining the specific differences among the bankruptcy chapters (other than the general difference between Chapter 7 and Chapter 13);

   (B) giving information on exemptions, on dischargeability and denial of discharge;

   (C) assisting in the classification of claims;

   (D) explaining rights and obligations with regard to secured claims once a bankruptcy case is filed;

   (E) making inquiries or answering questions as to the completion of the petition, schedules, and statement of affairs or advising how to best fill out the petition, schedules, and statement of affairs, other than as prompted by *computer program;* and

   (F) any other activity determined to be the practice of law by the Indiana Supreme Court or by any federal court with jurisdiction over the Southern District of Indiana.

   3. Settles may provide blank copies of bankruptcy petitions, schedules, and statements of affairs and related documents which comply substantially with the *Official Bankruptcy Forms* and may generate through use of a computer program petitions, schedules, statements of affairs, and other documents, provided that all information used to generate those documents is provided by her customers.

   4. Settles shall charge no more than the following amounts for generating by computer program original petitions, schedules, statements of affairs and other documents required to commence a bankruptcy case:

   $140 for an individual;

   $160 for a couple filing jointly;

   an additional $10 for any case with 25 creditors or more.

   In addition, Settles may charge 15 cents per page for copies, and may charge the actual cost of any credit report obtained for a customer, and any additional amount charged non-bankruptcy customers for credit reports, provided that customers are advised that they can procure copies elsewhere and that the credit report is optional. Settles may charge a reasonable amount for any additional document preparation required after completion of the original documents, including amendments. Settles shall disclose all payments received or expected to be received from customers for whom she prepares bankruptcy documents, including any fees charged for credit counseling or credit repair.

   ....

   6. After this Agreed Entry has been approved by the Court, Settles shall provide a copy of this Agreed Entry to each customer for whom she prepares any bankruptcy documents.

2. Section 110(g)(1) provides as follows:

   (g)(1) A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition.

—filing the petition without the debtor's authorization;

—influencing the debtor's decisions about whether and when to file;

—misrepresenting the filing fees to the debtor; or

—misappropriating filing fees collected from the debtor.

2 *Collier on Bankruptcy,* Section 110.08, p. 110–12.

Based on the foregoing, the Court concludes that Section 110(g)(1) prevents Ms. Settles from receiving from her customers any monies, in any form, that are intended to be paid to the Clerk of the Bankruptcy Court. Ms. Settles's argues that the policies behind Section 110(g)(1) will be met, if her customers tender filing fees to her only by checks or money orders made out to the Clerk of the Bankruptcy Court (rather than to herself). Given the importance of the policies articulated by Section 110(g)(1), it is the conclusion of the Court that the compromise suggested by Ms. Settles does not meet the requirements of Section 110(g)(1).

Given the foregoing, the Court further holds that Ms. Settles may not deliver documents to the Clerk of the Bankruptcy Court on behalf of her clients. Permitting Ms. Settles to deliver documents would enable Ms. Settles to control the timing of the her customers' bankruptcy filings, a result clearly at odds with Congress' intent in enacting Section 110. *See Green,* 197 B.R. at 879.

For all the foregoing reasons, it is the conclusion of the Court that the arguments of the U.S. Trustee concerning the payment of filing fees and delivery of documents to the Court should be sustained.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Motion for Review be, and hereby is, GRANTED, to the extent provided hereinabove.