**In re Wanda PAYSOUR, Debtor.**

**No. 04–12132–ESS.**

United States Bankruptcy Court, E.D. New York.

June 15, 2004.

Wanda Paysour, Flushing, NY, pro se.

**DECISION ON APPLICATION OF THE UNITED STATES TRUSTEE FOR AN ORDER IMPOSING FINES AGAINST WE THE PEOPLE AND DEREK DISTENFIELD FOR VIOLATIONS OF 11 U.S.C §§ 110(e)(1) AND 110(g)(1); AND DIRECTING WE THE PEOPLE, DEREK DISTENFIELD, AND WE THE PEOPLE USA TO DISGORGE FEES PURSUANT TO 11 U.S.C. § 110(h)(2)**

ELIZABETH S. STONG, Bankruptcy Judge.

By application dated April 20, 2004 (the "Application"), the Office of the United States Trustee (the "United States Trustee") seeks an order (1) imposing a fine against We The People and Derek Distenfield for violating 11 U.S.C. § 110(e)(1) for executing documents in the name of Wan-da Paysour, the above-captioned debtor (the "Debtor"); (2) imposing a fine against We The People and Mr. Distenfield for violating 11 U.S.C. § 110(g)(1) for collecting from the Debtor the filing fee in connection with the Debtor's chapter 7 bankruptcy petition; and (3) directing We The People, Mr. Distenfield, and We The People USA to disgorge all compensation paid to them by or on behalf of the Debtor pursuant to 11 U.S.C. § 110(h)(2).

A hearing was held before the Court on May 13, 2004 (the "May 13 Hearing") at which the United States Trustee, by Diana G. Adams, Assistant United States Trustee, and Martin Ochs, chapter 7 trustee in the above-captioned case (the "Chapter 7 Trustee"), appeared and were heard, and the Debtor appeared and gave testimony. We The People, Mr. Distenfield, and We The People USA (collectively, the "Respondents"), did not file opposition to the Application or appear at the Hearing.

At the completion of the May 13 Hearing, after testimony and argument, the Court granted the Application of the United States Trustee and directed that an order be submitted. *See* May 13, 2004 Docket Entry. The hearing and decision on the Application were reflected on the Court's electronic docket by entry made on the hearing day, May 13, 2004. *Id.*[1]

For the reasons set forth below, after consideration of the record, including the arguments of the United States Trustee,

---

1. The record shows that the Respondents, as well as Charles Vihon, Esq., an attorney who has appeared as counsel of record in other matters to some of them, were timely served with the Application and had notice of the May 13 Hearing. As indicated above, the Court granted the Application of United States Trustee at the May 13 Hearing, and directed the United States Trustee to submit an order. On June 4, 2004, approximately three weeks after the May 13 Hearing, the Court received correspondence from Mr. Vi-hon in which he asks the Court to "hold that order to allow [him] the opportunity of following-up with Ms. Adams in [their] settlement discussion." The Court notes that if Respondents seek to set aside the Court's decision on the Application, the procedure to follow to set aside the entry of a decision on default is set forth in Rule 55 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7055 and 9014 of the Federal Rules of Bankruptcy Procedure.

the arguments of the Chapter 7 Trustee, and the testimony of the Debtor, and in the absence of opposition, the Court concludes that (i) We The People and Mr. Distenfield shall be fined, jointly and severally, in the amount of $2,000.00 for violations of 11 U.S.C. § 110(e)(1), in that they acted as bankruptcy petition preparers and, in that capacity, executed documents in the name of the Debtor; (ii) We The People and Mr. Distenfield shall be fined, jointly and severally, in the amount of $500.00 for a violation of 11 U.S.C. § 110(g)(1), in that they acted as bankruptcy petition preparers and, in that capacity, collected from the Debtor a money order made payable to the Bankruptcy Court for the filing fee in connection with the Debtor's chapter 7 bankruptcy petition; and (iii) We The People, Mr. Distenfield, and We The People USA shall disgorge $199.00, jointly and severally, to the Debtor, under 11 U.S.C. § 110(h)(2), on grounds that the services rendered by We The People, Mr. Distenfield, and We The People USA had no value.[2]

### Jurisdiction

This Court has jurisdiction to determine this matter under 28 U.S.C. §§ 1334(b) and 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### Factual Background

The Debtor commenced this case by filing a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code on February 17, 2004. The Chapter 7 Trustee was appointed interim chapter 7

trustee and has since become permanent chapter 7 trustee under Section 702(d) of the Bankruptcy Code. The Petition and accompanying schedules and statements reflect the following:

(1) The Petition was signed by Mr. Distenfield as a non-attorney petition preparer on February 12, 2004. Petition, Docket Entry 1; Application, Exhibit A.

(2) The names "Derek Distenfield–We The People" are inserted in the space provided on the Petition for the name of the bankruptcy petition preparer. *Id.*

(3) On the Declaration Concerning Debtor's Schedules, the Certification and Signature of Non–Attorney Bankruptcy Petition Preparer was signed by Mr. Distenfield on February 12, 2004, and the names "Derek Distenfield–We The People" are inserted in the space provided for the name of the bankruptcy petition preparer. *Id.*

(4) In response to question 9 of the Statement of Financial Affairs, regarding payments related to debt counseling or bankruptcy, "We The People–Forest Hills," and "We The People–USA" are listed as the recipients of $199.00 for "Typing Petition." *Id.*

(5) On the last page of the Statement of Financial Affairs, the Certification and Signature of Non–Attorney Bankruptcy Petition Preparer was signed by Mr. Distenfield on February 12, 2004, and the names "Derek Distenfield–We The People" are inserted in the space provided for the name of the bankruptcy petition preparer. *Id.*

---

**2.** On a motion for a default judgment, "a party in default does not admit mere conclusions of law." *Smith v. Household Finance Realty Corp. of New York (In re Smith),* 262 B.R. 594, 597 (Bankr.E.D.N.Y.2001) (citation omitted). Rather, in considering whether the entry of a default judgment is appropriate, the Court may accept as true all of the well-pleaded factual allegations set forth in the Complaint, and further may consider the uncontroverted testimony of the Debtor. *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir.1981). The Court also may draw "all reasonable inferences from the evidence offered." *Id.*

(6) On the Chapter 7 Individual Debtor's Statement of Intention, the Certification and Signature of Non–Attorney Bankruptcy Petition Preparer was signed by Mr. Distenfield on February 12, 2004, and the names "Derek Distenfield–We The People" are inserted in the space provided for the name of the bankruptcy petition preparer. *Id.*

(7) The Statement of Assistance of Non–Attorney with Respect to the Filing of this Petition (the "Statement of Assistance") shows that the Debtor paid $199.00 to We The People, located at 116–28 Queens Boulevard, Forest Hills, New York 11375, and We The People USA, located at 1501 State Street, Santa Barbara, California 93101. *Id.*

(8) The Disclosure of Compensation of Bankruptcy Petition Preparer reflects that "Derek Distenfield–We The People" accepted $199.00 from the Debtor for "Typing Petition," and the Declaration of Bankruptcy Petition Preparer (the "Declaration") was signed by Mr. Distenfield on February 12, 2004. The names "Derek Distenfield–We The People" are inserted in the space provided in the Declaration for the name of the bankruptcy petition preparer. *Id.*

(9) The Certification and Signature of Non–Attorney Bankruptcy Petition Preparer was signed by Mr. Distenfield on February 12, 2004, and the names "Derek Distenfield–We The People" are inserted in the space provided for the name of the bankruptcy petition preparer. *Id.*

The First Meeting of Creditors pursuant to Section 341 of the Bankruptcy Code was held on March 12, 2004 (the "341 Meeting"). Application, ¶ 12. By letter dated April 2, 2004 (the "April 2 Letter"), the Chapter 7 Trustee advised the United States Trustee that the Debtor testified under oath at the 341 Meeting that, among other things, "while the signature on the petition was hers, the balance of the signatures (on the declaration of schedules and the Statement of Financial Affairs) were not hers, and must have been signed by a representative of We the People," and that "the Debtor's interest in a life insurance policy, was not listed on Schedule B of the petition." Application, ¶ 13, Exhibit B.

In response to the April 2 Letter, the United States Trustee's office contacted the Debtor and arranged for the Debtor to be questioned under oath on April 12, 2004 (the "April 12 Examination"). Application, ¶¶ 14–15. At the 341 Meeting, the April 12 Examination, and again at the May 13 Hearing, the Debtor testified that the signatures on the second page of the Petition, the Declaration Concerning Debtor's Schedules, the Declaration Under Penalty of Perjury by Individual Debtor of the Statement of Financial Affairs, and the Chapter 7 Individual Debtor's Statement of Intention, were not her signatures (collectively, "the Non–Debtor Signature Pages"). Application, ¶ 16; Exhibit C, pp. 5–8; Exhibit D, pp. 4–6; Exhibit E; May 13 Hearing Record.

The Debtor further testified at the April 12 Examination that the signatures on the Statement of Assistance of Non–Attorney with Respect to the Filing of this Petition, Notice to Individual Consumer Debtor, Statement Pursuant to Local Bankruptcy Rule 1073–2(b), Notice to Pro Se Debtor, and the Verification of Creditor Matrix (collectively, the "Debtor Signature Pages"), were her signatures. Application, ¶ 17; Exhibit D, pp. 4–6; Exhibit F.

The Debtor testified at the April 12 Examination that, when she returned to We The People, and asked who had signed her name to the Non–Debtor Signature Pages, she was advised that Mr. Distenfield had signed her name to those pages. Application, ¶ 18; Exhibit D, 13; *see also*

Exhibit C, p. 8 (Debtor confirms that We The People acknowledged that someone at We The People signed the Debtor's name); May 13 Hearing Record (Debtor testified that We The People acknowledged that someone at We The People signed the Debtor's name).

The Debtor testified at the 341 Meeting that she paid the chapter 7 bankruptcy filing fee to We The People in the form of a money order payable to "U.S. Bankruptcy" in the amount of $209.00. Application, ¶ 20; Exhibit C, p. 9; Exhibit D, pp. 8–9; Exhibit G (copy of money order containing acknowledgment: "Received $209 postal money order to process bankruptcy. U.S. Bankruptcy court fee paid 2/3/04. D. Porter 2/3/04.") The Debtor testified at the 341 Meeting that she did not personally file her bankruptcy petition and schedules with the Court, but that We The People filed her petition and schedules on her behalf. Application, Exhibit C, p. 9.

The Debtor testified at the April 12 Examination that she paid a fee for services to We The People in the form of a money order payable to "We The People" in the amount of $199.00. Application, ¶ 21; Exhibit A; Exhibit D, p. 6; Exhibit H. The record also shows that the Debtor entered into a "Bankruptcy Document Preparation Agreement" with We The People, signed by the Debtor on November 3, 2003, and "D. Porter" on November 3, 2003, pursuant to which the Debtor "retain[ed] the services of We The People to type bankruptcy forms for [her] . . . ." *Id.*

The Debtor testified at the 341 Meeting, and again at the May 13 Hearing, that she was very concerned because she noticed that a life insurance policy, which she owned, was omitted from her schedules, and that she returned to We The People to inquire about that omission. Application, Exhibit C, pp. 10–12; May 13 Hearing Record.

The Chapter 7 Trustee stated at the May 13 Hearing that the Debtor testified at the 341 Meeting that she was the owner of a life insurance policy which was not included on the schedules that were prepared by Mr. Distenfield and We The People. The Chapter 7 Trustee stated that the omission of this asset on the Debtor's schedules could have jeopardized the Debtor's discharge, had the Debtor not been forthcoming at the 341 Meeting. The Chapter 7 Trustee further stated that, based on the omissions which could have put the Debtor's discharge at risk, the services rendered to the Debtor by Mr. Distenfield, We The People, and We The People USA, had negative value to the Debtor. May 13 Hearing Record.

### *Discussion*

Congress enacted Section 110 to the Bankruptcy Code in 1994 "to remedy what was perceived to be widespread fraud and unauthorized practice of law by nonattorneys who prepared bankruptcy documents for consumer debtors." 2 COLLIER ON BANKRUPTCY, ¶ 110.01 (15th ed. rev.2004) (citing *Ferm v. United States Trustee (In re Crawford)*, 194 F.3d 954 (9th Cir.1999), *cert. denied*, 528 U.S. 1189, 120 S.Ct. 1244, 146 L.Ed.2d 102 (2000)). Section 110 requires bankruptcy petition preparers to take certain actions, and prohibits certain conduct on their part. 11 U.S.C. § 110(a)-(k). To ensure compliance with its requirements, Section 110 contains detailed remedial provisions, including fines, actual and statutory damages, and injunctive relief. *Id.*

### *The Scope of Section 110(a)(1)*

■ Section 110(a)(1) defines a bankruptcy petition preparer as a "person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing" in a bankruptcy case. 11 U.S.C. § 110(a). The Bankruptcy Code

defines "person" as an "individual, partnership, and corporation . . . ." 11 U.S.C. § 101(41). Here, the uncontroverted evidence shows that Mr. Distenfield and We The People are bankruptcy petition preparers within the meaning of Section 110, because they prepared, for compensation, a document for filing in a bankruptcy case.

As indicated above, the record reflects that the Debtor and We The People entered into a Bankruptcy Document Preparation Agreement, pursuant to which the Debtor retained the services of We The People to "type bankruptcy forms" for her. The names "Derek Distenfield–We The People" are inserted in seven places in the Debtor's bankruptcy petition where the form calls for the identification of the bankruptcy petition preparer. The record also shows a copy of the money order for $199.00 paid by the Debtor to We The People, and the Disclosure of Compensation of Bankruptcy Petition Preparer reflects that "Derek Distenfield–We The People" accepted $199.00 from the Debtor for "Typing Petition."

Finally, the certifications contained in the Petition, the Declaration Concerning Debtor's Schedules, the Statement of Financial Affairs, the Chapter 7 Individual Debtor's State of Intention, the Declaration of Bankruptcy Petition Preparer, and the Certification and Signature of Non–Attorney Bankruptcy Petition Preparer, all reflect Mr. Distenfield's signature to the certification that he is "a bankruptcy petition preparer as defined in 11 U.S.C. § 110," and that he "prepared this document for compensation . . . ."

The Court finds that Mr. Distenfield and We The People functioned as bankruptcy petition preparers within the meaning of 11 U.S.C. § 110(a) in this bankruptcy case, and accordingly, that they are required to comply with the provisions of 11 U.S.C. § 110(a)-(k).

### The Alleged Violations of 11 U.S.C. § 110(e)(1)

Section 110(e) provides "(1) A bankruptcy petition preparer shall not execute any document on behalf of a debtor. (2) A bankruptcy petition preparer may be fined not more than $500 for each document executed in violation of paragraph (1)." Thus, the elements of a violation of Section 110(e) are that an entity or individual is a bankruptcy petition preparer, and that the entity or individual executed a document on behalf of the debtor.

It is entirely appropriate that penalties should attach to a violation of this section, because of the importance of the debtor's signature on his or her bankruptcy filings. As one commentator has observed, "Section 110(e) ensures that the debtor is responsible for the accuracy of the filing. The debtor's signature on a document . . . is made under oath and penalty of perjury attaches." 2 COLLIER ON BANKRUPTCY, ¶ 110.05 (15th ed. rev.2004). Indeed, as one court has observed:

> Because of the importance of the accuracy of a debtor's petition and schedules . . . Congress rejected the Senate version of the bill that would have given a petition preparer authority to execute a document for the debtor. 'In light of the evidence that petition preparers frequently forged debtors' names on bankruptcy petitions, Congress was not convinced that there would ever be a circumstance that would justify a preparer signing a petition on behalf of a debtor.'

*Marshall v. Lee Bourque (In re Hartman),* 208 B.R. 768, 779 (Bankr.D.Mass. 1997) (citations omitted) (fining bankruptcy petition preparer $2,500.00 for executing five documents on behalf of the debtor notwithstanding the petition preparer's as-

sertion that he had authority from the debtor to sign the documents).

Here, the Debtor testified at the 341 Meeting, the April 12 Examination, and the May 13 Hearing, that the signatures on the four Non–Debtor Signature Pages, referenced above, are not her signatures. Application, ¶ 16; Exhibit C, pp. 5–8; Exhibit D, pp. 4–6; Exhibit E; May 13 Hearing Record. The Debtor also testified at the April 12 Examination, and affirmed that testimony at the May 13 Hearing, that when she returned to We The People to ask who had signed her name to the Non–Debtor Signature Pages, she was advised that Mr. Distenfield signed her name. Application, ¶ 18; Exhibit D, 13; *see also* Exhibit C, p. 8 (Debtor confirms that We The People acknowledged that someone at We The People signed the Debtor's name); May 13 Hearing Record (Debtor testified that We The People acknowledged that someone at We The People signed the Debtor's name).

The Court concludes that the record establishes that Mr. Distenfield and We The People violated 11 U.S.C. § 110(e)(1) by acting as bankruptcy petition preparers and, in that capacity, by executing four separate documents, identified herein as the Non–Debtor Signature Pages, on behalf of the Debtor.[3] The penalty for a violation of 11 U.S.C. § 110(e)(1) is a fine of not more than $500.00 for each violation. 11 U.S.C. § 110(e)(2). The Court finds that a fine of $500.00 for each violation of 11 U.S.C. § 110(e)(1) should be imposed upon Mr. Distenfield and We The People, jointly and severally, for a total fine of $2,000.00, for these violations of 11 U.S.C. § 110(e)(1).

---

**3.** Section 110(e)(1) makes no distinction between individuals and entities, and the Court sees no basis to import such a distinction into the statute. *See In re France,* 271 B.R. 748

*The Alleged Violation of 11 U.S.C. § 110(g)(1)*

Section 110(g) provides "(1) A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition. (2) A bankruptcy petition preparer shall be fined not more than $500 for each violation of paragraph 1." 11 U.S.C. § 110(g). The elements of a violation of Section 110(g), therefore, are that an entity or individual is a bankruptcy petition preparer, and that the entity or individual collected or received a court fee, including a filing fee, in connection with filing a debtor's bankruptcy petition.

■ As several courts have observed, "Section 110(g) was enacted for three reasons: (1) to prevent the unauthorized filing of petitions; (2) to prevent or curtail the preparer's influence on a debtor's decision and timing on petition filing; and (3) to prevent a preparer's misrepresentation, or misquoting of the filing fee." *Tighe v. Tiana Scott (In re Buck),* 290 B.R. 758, 765 (Bankr.C.D.Cal.2003) (citing *In re Green,* 197 B.R. 878, 879 (Bankr.D.Ariz. 1996)), *aff'd,* 307 B.R. 157 (C.D.Cal.2004). *See generally,* 2 COLLIER ON BANKRUPTCY, ¶ 110.07 (15th ed. rev.2004).

■ For these reasons, courts have consistently found that Section 110(g) prohibits a bankruptcy petition preparer from taking possession of the debtor's bankruptcy filing fee in the form of the debtor's money order payable to the bankruptcy court for later delivery to the bankruptcy court. *See United States Trustee v. Summerrain (In re Avery),* 280 B.R. 523, 531 (Bankr.D.Colo.2002) (citing *In re Green,*

(Bankr.E.D.N.Y.2002) (finding individual and corporate bankruptcy petition preparers violated Section 110(e)(1)).

197 B.R. at 880; *In re Moffett,* 263 B.R. 805, 812 (Bankr.W.D.Ky.2001); *In re Jones,* 227 B.R. 704, 705–06 (Bankr. S.D.Ind.1998); *In re Wallace,* 227 B.R. 826, 828 (Bankr.S.D.Ind.1998); *In re Burdick,* 191 B.R. 529, 535 (Bankr.N.D.N.Y. 1996)); *In re Ali,* 230 B.R. 477, 482 (Bankr.E.D.N.Y.1999).

■ As indicated above, the Debtor testified at the 341 Meeting that she paid the chapter 7 bankruptcy filing fee to We The People in the form of a money order payable to "U.S. Bankruptcy" in the amount of $209.00. Application, ¶ 20; Exhibit C, p. 9; Exhibit D, pp. 8–9; Exhibit G (copy of money order containing acknowledgment: "Received $209 postal money order to process bankruptcy. U.S. Bankruptcy court fee paid 2/3/04. D. Porter 2/3/04.") The Debtor also testified at the 341 Meeting that she did not personally file her bankruptcy petition and schedules with the Court, but that We The People filed her petition and schedules on her behalf. Application, Exhibit C, p. 9. The Debtor testified at the 341 Meeting and the April 12 Examination that she gave the chapter 7 filing fee to We The People, in the form of a money order with "U.S. Bankruptcy" as the payee. Application, Exhibit C, p, 9, Exhibit D, pp. 8–9, Exhibit G.

The Court concludes that the record establishes that Mr. Distenfield and We The People violated Section 110(g)(1) by acting as bankruptcy petition preparers, and in that capacity, taking possession of the Debtor's bankruptcy filing fee. The penalty for violation of 11 U.S.C. § 110(g)(1) is a fine of not more than $500.00 for each violation. 11 U.S.C. § 110(g)(2). The Court finds that a fine of $500.00 should be imposed upon Mr. Distenfield and We The People, jointly and severally, for the violation of 11 U.S.C. § 110(g)(1).

## The Alleged Violation of 11 U.S.C. § 110(h)(2)

■ Section 110(h)(2) provides "The court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee referred to in paragraph (1) found to be in excess of the value of services rendered for the documents prepared ...." 11 U.S.C. § 110(h)(2). "In deciding whether fees are excessive, the Court must determine the reasonable value of the services rendered." *In re Ali,* 230 B.R. at 483. Courts have found bankruptcy petition preparers' services to be of no value or negative value where those services accomplished little benefit and, in some instances, harmed the debtor or put his or her bankruptcy discharge at risk. *See United States Trustee v. Womack (In re Paskel),* 201 B.R. 511, 518 (Bankr.E.D.Ark. 1996), *appeal dismissed,* 201 B.R. 964 (Bankr.E.D.Ark.1996), *aff'd,* 162 F.3d 1164 (8th Cir.1998) (attributing a negative value to bankruptcy petition preparer's services where those services caused confusion as to Section 341(a) meetings and placed debtor at risk of having case dismissed for failure to appear at those meetings, where debtor was required to obtain services of an attorney to correct omission and errors on schedules, and where debtor was required to "endure" adversary proceeding in the case).

■ As indicated above, the record shows that Mr. Distenfield and We The People were paid $199.00 by the Debtor for providing typing services to the Debtor. The record further shows that four documents included in the Debtor's bankruptcy filings were not signed by the Debtor, but were signed by Mr. Distenfield; the Debtor was required to submit to additional inquiry by the United States Trustee in order to clarify the circumstances surrounding the Non–Debtor Signature Pages; the Debtor returned to We The

People several times to inquire about who signed her name to certain documents and was advised "not to worry;" and the Petition omitted a significant asset from the Debtor's schedules, which could have jeopardized the Debtor's discharge. Application, Exhibit C, pp. 10–12; May 13 Hearing Record.

Accordingly, the Court finds that the services rendered to the Debtor by Mr. Distenfield, We The People, and We The People USA, had no value to the Debtor. Pursuant to 11 U.S.C. § 110(h)(2), the Court will disallow and order the immediate turnover by Mr. Distenfield, We The People, and We The People USA to the Debtor of the $199.00 fee paid by the Debtor.

### Certification to District Court

Section 110(i) requires a bankruptcy court to make a certification to the District Court in the event that a bankruptcy petition preparer "violates this section or commits any fraudulent, unfair or deceptive act." 11 U.S.C. § 110(i). The Court hereby certifies to the District Court, for purposes of 11 U.S.C. § 110(i), that, for the reasons stated above, the Court finds that the following violations of Section 110 have occurred. First, Mr. Distenfield and We The People violated 11 U.S.C. § 110(e)(1) by acting as bankruptcy petition preparers and, in that capacity, executing four separate documents, identified above as the Non–Debtor Signature Pages, on behalf of the Debtor. Second, Mr. Distenfield and We The People violated 11 U.S.C. § 110(g)(1) by acting as bankruptcy petition preparers, and in that capacity, taking possession of the Debtor's bankruptcy filing fee in connection with the Debtor's chapter 7 bankruptcy petition.

The Court further certifies to the District Court, for purposes of Section 110, that, for the reasons stated above, the Court finds that the services rendered to the Debtor by Mr. Distenfield, We The People, and We The People USA, had no value to the Debtor.

This Decision constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure.

An Order consistent with this Decision will be entered simultaneously herewith.

### ORDER IMPOSING FINES AGAINST WE THE PEOPLE AND DEREK DISTENFIELD FOR VIOLATIONS OF 11 U.S.C §§ 110(e)(1) AND 110(g)(1); AND DIRECTING WE THE PEOPLE, DEREK DISTENFIELD, AND WE THE PEOPLE USA TO DISGORGE FEES PURSUANT TO 11 U.S.C. § 110(h)(2)

Upon the application dated April 20, 2004 (the "Application") of the United States Trustee for the Eastern District of New York (the "United States Trustee") seeking an order (1) imposing a fine against We The People and Derek Distenfield for violating 11 U.S.C. § 110(e)(1) for executing documents in the name of Wanda Paysour, the above-captioned debtor (the "Debtor"); (2) imposing a fine against We The People and Derek Distenfield for violating 11 U.S.C. § 110(g)(1) for collecting from the Debtor the filing fee in connection with the Debtor's chapter 7 bankruptcy petition; and (3) directing We The People, Derek Distenfield, and We The People USA (collectively, the "Respondents") to disgorge all compensation paid to them by or on behalf of the Debtor pursuant to 11 U.S.C. § 110(h)(2); and appropriate notice having been provided to the Respondents, and no written opposition having been filed; and the matter having come on to be heard before the

Court on May 13, 2004, at which the United States Trustee, by Diana G. Adams, Assistant United States Trustee, and Martin Ochs, chapter 7 trustee in the above-captioned case appeared and were heard, and the Debtor appeared and gave testimony, and the Respondents did not appear; and after consideration of the record, including the arguments of the United States Trustee, and the chapter 7 trustee, and the testimony of the Debtor, based upon the Court's findings of fact and conclusion of law set forth in the Court's Decision dated June *15,* 2004, it is hereby

ORDERED, that the Application is granted; and it is further

ORDERED, that Derek Distenfield and We The People, are hereby fined the amount of $2,000, jointly and severally for violating 11 U.S.C. § 110(e)(1), and on or before the 10th day following the date of this Order, Derek Distenfield and We The People, jointly and severally, shall pay the amount of $2,000 by certified check or money order to the Joseph P. Hurley, Clerk of the Court, 75 Clinton Street, 2nd floor, Brooklyn, New York 11201, and provide proof of such payment to the Court and to the United States Trustee; and it is further

ORDERED, that Derek Distenfield and We The People, are hereby fined the amount of $500.00, jointly and severally for violating 11 U.S.C. § 110(g), and on or before the 10th day following the date of this Order, Derek Distenfield and We The People, jointly and severally, shall pay the amount of $500.00 by certified check or money order to the Joseph P. Hurley, Clerk of the Court, 75 Clinton Street, 2nd floor, Brooklyn, New York 11201, and provide proof of such payment to the Court and to the United States Trustee; and it is further

ORDERED, that amount of $199.00 paid by the Debtor to Derek Distenfield and We The People, for services rendered are hereby disallowed, and, pursuant to 11 U.S.C. § 110(h)(2), Derek Distenfield are directed to turnover, jointly and severally, the amount of $199.00 by certified check or money order to the Debtor, Wanda Paysour, 65–28 Parsons Boulevard, Flushing, New York 11365, and provide proof of such payment to the Court and to the United States Trustee.